```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
In re:                                   :  Chapter 7
                                         :
     BARUCH LICHTENSTEIN,                :  Bankruptcy Court
                                         :  Case No.
                              Debtor.    :  07 B 36617 (CJM)
                                         :
- - - - - - - - - - - - - - - - - - - - X
                                         :
BARUCH LICHTENSTEIN,                     :  **08 Civ. 0261 (WCC)**
                                         :
                    Appellant,           :       **ECF CASE**
                                         :
          - against -                    :
                                         :
COHEN & SLAMOWITZ, LLP,                  :       **OPINION**
                                         :       **AND ORDER**
                    Appellee.            :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                              LAW OFFICE OF SHMUEL KLEIN, PC
                                              **Attorneys for Appellant**
                                              268 Route 59 West
                                              Spring Valley, New York 10977

SHMUEL KLEIN, ESQ.

       Of Counsel

                                              LAW OFFICES OF MICHAEL G.
                                                Mc AULIFFE
                                              **Attorneys for Appellee**
                                              48 South Service Road, Suite 102
                                              Melville, New York 11747

MICHAEL G. Mc AULIFFE, ESQ.

       Of Counsel

                                                **Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Appellant Baruch Lichtenstein (the "Debtor/Appellant") appeals from an order of U.S. Bankruptcy Judge Cecelia G. Morris, denying Debtor/Appellant's motion for sanctions and attorney's fees for alleged willful violation of 11 U.S.C. § 362 by Capital One Bank ("Capital One") and Cohen & Slamowitz, LLP ("C&S" and, together with Capital One, "Appellees"). Debtor/Appellant argues that the Bankruptcy Court abused its discretion in denying his motion to impose sanctions for Appellees' allegedly willful violation of the automatic stay imposed under 11 U.S.C. § 362.  For the following reasons, the Bankruptcy Court's order is affirmed.

**BACKGROUND**

Debtor/Appellant filed a bankruptcy petition on October 16, 2007. (Appellant Br. at 3.) On October 18, 2007, the Court Clerk of the Bankruptcy Court sent to Capital One an electronic notice of the bankruptcy filing and a message that, pursuant to 11 U.S.C. § 362, an automatic stay prohibited any further collection efforts. (*Id*.) Debtor/Appellant alleges that notice of the bankruptcy filing was mailed to C&S on October 19, 2007. (*Id*.) Debtor/Appellant states that he received a bill dated October 24, 2007 from C&S, on behalf of Capital One, seeking to collect a pre-petition debt.[1] (*Id*. at 4.)  C&S avers that it did not receive notice of the bankruptcy filing and resulting automatic stay until October 25, 2007, when it received notice of the bankruptcy filing electronically, from Capital One.  (Appellees Br. at 3.)

Debtor/Appellant filed a motion for sanctions against C&S on November 6, 2007 (Appellant

---

[1] C&S state that, on October 24, 2007, it mailed a "summons and complaint" arising out of money owed to Capital One. (Appellees Br. at 3.)

Br. at 4), alleging that the October 24, 2007 bill sent by C&S constitutes a willful violation of the automatic stay imposed under 11 U.S.C. § 362.  (Appellees Br. at 3.)

On November 27, 2007, the Bankruptcy Court held a hearing on Debtor/Appellant's motion.  (Appellant Br. at 4).  During that hearing, the court found that Debtor/Appellant had not suffered any "actual damages" due to the letter that C&S sent and that C&S's mailing of a letter that said "'[h]ere is a copy of a summons and complaint that we will file" was not a willful violation of the automatic stay.  (Appellant App'x at 112-15.)  Based on those findings, the Bankruptcy Court denied Debtor/Appellant's motion for sanctions.

## DISCUSSION

We review a bankruptcy court's conclusions of law *de novo*.  *See In re Colonial Realty Co.*, 980 F.2d 125, 130 (2d Cir. 1992); *In re Peters*, 133 B.R. 291, 294 (S.D.N.Y. 1991).  We must accept the Bankruptcy Court's findings of fact unless they are clearly erroneous, and give "due regard . . . to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  FED. R. BANKR. P. 8013;  *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990); *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).

11 U.S.C. § 362(k)(1) provides, in pertinent part, that: "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  The automatic stay provision "is effective at the moment the petition is filed and defendant's knowledge is immaterial to a determination of whether the stay was violated."  *In re Siskin*, 231 B.R. 514, 517 (Bankr. E.D.N.Y. 1999) (internal citation omitted).  "Knowledge of the filing of the petition does

however affect the determination of whether an alleged violation of the automatic stay was willful." *Id*. (internal citations omitted). In this case, the Bankruptcy Court considered the fact that the C&S letter was sent, at most, a few days after the filing of the bankruptcy petition and the fact that as soon as "notice came from Capital One to [C&S] on the 25th the next day - - the file was closed and recalled. So, there were no further activities undertaken by [C&S]" and concluded that there was no *willful* violation of the automatic stay. (Appellant App'x at 111.)

Debtor/Appellant now argues that "[i]t only costs .08 cents [sic] (eight cents) on PACER to check if a person has filed [for] bankruptcy . . . [i]t would be very simple for [C&S] to determine" that an automatic stay was in place. (Appellant Br. at 9-10.) Nothing in that argument indicates actual knowledge. We agree with the Bankruptcy Court's determination and find that, although there was a violation of the automatic stay, nothing in the record indicates that the violation was willful or justified the imposition of sanctions.

The Bankruptcy Court also held that no sanctions should be awarded because Debtor/Appellant did not suffer any damages.[2] Debtor/Appellant represented that he suffered emotional distress at receiving a letter regarding an unpaid debt after he had filed for bankruptcy protection, however, he was unable to produce any experts who would testify to this and his attorney did not know if he had been examined by a psychiatrist. (Appellant App'x at 112-13.) Debtor/Appellant also argued that he incurred damages in the form of attorney's fees. (*Id*. at 113.) Courts are reluctant to award attorney's fees where such fees are, as here, the debtor's only damages. *Salem v. Paroli*, 260 B.R. 246, 257 (S.D.N.Y. 2001) (Conner, J.). And in cases such as this one,

---

[2] In Debtor/Appellant's brief before this Court on the pending motion, he does not even allege that he suffered any damages arising out of this incident. (*See* Appellant Br. at 2-10.)

where attorney's fees are the only injury from a *non-willful* violation of a stay, the denial of a motion for fees is required. *Id.* Therefore, we agree with that Bankruptcy Court's determination that neither sanctions nor attorney's fees are appropriate in this case.

## CONCLUSION

For all of the foregoing reasons, the order of the Bankruptcy Court is affirmed and the appeal is denied.

Dated: White Plains, New York
March 31, 2009

*William C. Conner*
Sr. United States District Judge

4